### SCHULTZ v. DILLOW et al.

Court of Appeals of Kentucky.

Feb. 6, 1953.

Lawrence S. Grauman and Herman Cohen, Louisville, for appellant.

Wm. J. Goodwin, Louisville, for appellee.

STANLEY, Commissioner.

On July 22, 1948, Roy C. Dillow Company, as a partnership, employed Frank A. Schultz as general superintendent and agreed to pay him a salary of $100 a week "plus 5% of the net profits of the total amount of contracts completed by the Roy C. Dillow Company while he remains in their employ." Schultz continued in the employment for eight months during which he was paid the salary but received no part of any profits. He sued for an accounting and recovered judgment for $166.66. He contends he should have been awarded $1,335.36, the amount found by the Master Commissioner to be owing him.

Frank and Peter Koenig were engaged in the business of contracting plumbers under the firm name of Koenig Brothers and entered into an agreement with Dillow, an experienced engineer, to engage in the business of street and driveway construction under the firm name of Roy C. Dillow Company. Koenig Brothers furnished the capital, machinery, office facilities, etc. for the new operation. The financing, bank account and other business transactions of the two firms were commingled. The joint bookkeeping system caused difficulty in arriving at a definite accounting, and this was enhanced by the fact that the accounts were not kept for each job but on the operations as a whole and the further fact that Schultz' compensation was to be computed only on contracts completed under his supervision.

The defendants' accountants found there was a loss of $883.95 on the business which Schultz superintended. The Commissioner, however, rejected all charges for Dillow's withdrawals as compensation, rental of equipment of Koenig Brothers and overhead office expenses paid by them, and found there were net profits of $26,707.25 on which the plaintiff's 5% should be computed. Ruling on exceptions to the report, the chancellor concluded that Roy C. Dillow Company was not a separate partnership but merely a department of Koenig Brothers, and that the items of expense excluded by the Commissioner were proper charges against that department. Accepting plaintiff's statement as to the amount of gross receipts from contracts completed during his employment and his concession of cost of doing the work, the court found that the reasonable and fair rental value of Koenig Brothers' machinery and equipment was $18,143.03 and overhead expenses, etc. were $4,511.32. Considering these sums and the salary of Roy C. Dillow, $2,600, (excluding other withdrawals by him), the court found there were net profits of $3,333.14 upon which Schultz' compensation of 5% should be computed.

There is much argument that the court was wrong in his conclusion that Roy C. Dillow Company was not a partnership. It is based principally upon the allegation of the petition, and the contention that though there was a qualified denial, the answer admitted the status. It seems to us immaterial. Whether or not there was such a separate legal entity, the fact is that Dillow Company could not have functioned at all without the use of the equipment and the overhead expenses, etc. charged by Koenig Brothers against the operation.

The real difference between the parties seems to be only the amount of the items properly chargeable. This is a matter of accounting or allocation of charges as between the operation of the plumbing business of Koenig Brothers and of the contracting business of Dillow Company. We have considered the argument of the appellant respecting the accuracy of the accounting and the propriety of these charges and reach no other conclusion than that of the Chancellor. As stated in Dupree v. Franklin Title & Trust Co., 272 Ky. 566, 114 S.W.2d 1116, the doubt as to the correct basis of computation is evidenced by the different conclusions reached by the Commissioner and the Chancellor, and that in such a case the rule of following the decision of the court should be applied. We must do so here.

Judgment affirmed.